UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSEPH L. SILVERBURG                                                PETITIONER

v.                                                    CIVIL ACTION NO. 3:06-CV-P600-H

PATTI WEBB, Warden                                           RESPONDENT

**MEMORANDUM OPINION AND ORDER**

       Petitioner, Joseph L. Silverburg, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (DN 1). He has since filed a Motion for Recusal (DN 13) to recuse Chief Judge John G. Heyburn II, alleging that this judge has a personal and racial bias against him and is deliberately delaying adjudicating his petition.

       Petitioner cites to 28 U.S.C. § 455 as support for his motion. Generally, a party may move to recuse a judge under 28 U.S.C. § 144, whereas, a judge has an independent, self-executing duty to recuse himself under 28 U.S.C. § 455. *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). Section 144 states, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." The § 144 affidavit must "allege[] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990).

       Although he cites to § 455, Petitioner has attached an affidavit as required by § 144. In that affidavit, Petitioner makes a number of unsubstantiated claims. He says that this judge has a racial and personal bias and prejudice concerning him such that the judge's impartiality might

reasonably be questioned. He further says this judge has refused to adjudicate his § 2254 petition despite the payment of the filing fee. He says that this judge has "personal knowledge about the facts and evidence in the case" because, in a prior lawsuit, *Silverburg v. Horlander*, No. 3:04-CV-144, against Norman Horlander, Chief Security Officer of PNC Bank, and PNC Bank, one of the banks at whose ATMs Petitioner was accused of robbing customers, this judge voluntarily disqualified himself without stating his reasons. Petitioner also states that, in that civil action, he claimed that Horlander "falsified and fabricated a picture used in affiant['s] criminal trial used to obtain affiant's present conviction." He also "states that Judge Heyburn[] has instructed the Clerk to delay in notation of affiant paying the [$5.00] filing fee, as on January 18, 2007, a friend of affiant['s] . . . paid affiant's filing fee and the court's record[] does not show that Ms. Johnson[] paid affiant['s] filing fee . . . ." He also says that this judge instructed the Clerk of Court to delay noting that Petitioner's sister paid the filing fee on February 2, 2007. He attaches a copy of a receipt from the District Court that $5.00 was paid on February 2, 2007. Finally, he "states that Judge Heyburn's deliberate delay of adjudicating" his habeas petition "shows a bias and prejudice concerning affiant" because his habeas has been pending "since December 27, 2006, without any action being taken on [the] habeas petition."

      A district court judge must recuse himself if a reasonable person knowing all the facts would question the judge's impartiality. *Reed v. Rhodes*, 179 F.3d 453, 467 (6th Cir. 1999). The standard is an objective one. *Id.* "[C]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Gen. Aviation, Inc.*, 915 F.2d at 1043 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citation omitted)). Recusal "must be predicated upon extrajudicial conduct rather than on judicial conduct, and upon a personal bias as

distinguished from [a] judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Green v. Nevers*, 111 F.3d 1295, 1303-04 (6th Cir. 1997) (internal quotations and citations omitted). The requisite showing of bias cannot be made based solely upon disagreement with a judge's rulings in a case. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

The majority of Petitioner's argument is premised upon judicial, not extrajudicial, conduct, and as such it is not a sufficient basis to support recusal of the undersigned. *See Green*, 111 F.3d at 1303. His allegations that this judge has a racial and personal bias against him are conclusory and are not true. "As has been stated, '(t)he affidavit is no place for ultimate facts and conclusions of law.'" *A.L. Pickens Co., Inc. v. Youngstown Sheet & Tube Co.*, 650 F.2d 118, 121 (6th Cir. 1981) (citation omitted). Thus, "[w]hen ultimate facts or conclusions of law appear in an affidavit which also contains the proper subject of affidavit testimony, facts within the personal knowledge of the affiant, the extraneous material should be disregarded, and only the facts considered." *Id.* Petitioner's affidavit contains only his conclusions that this judge is racially and/or personally biased against him, not facts from which a reasonable person would question the judge's impartiality and, therefore, is not sufficient to require disqualification. *See Gen. Aviation, Inc.*, 915 F.2d at 1043. With regard to Petitioner's allegation that this judge's recusal is required because of the prior recusal in *Silverburg v. Horlander*, that allegation is simply not true. The instant case involves different parties, and recusal is not necessary unless

3

the same reason as in the prior case presents itself here.  It does not.

Being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Petitioner's Motion for Recusal (DN 13) is **DENIED**.

Date:


cc: Petitioner, *pro se*
4412.009